1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**LATHROP GPM LLP**
Caroline A. H. Sayers (SBN 209815)
caroline.sayers@lathropgpm.com
2049 Century Park East
Suite 3500S
Los Angeles, California  90067-1623
Telephone:   310.789.4600
Facsimile:   310.789.4601

Attorneys for Defendants
The Litigation Practice Group, PC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZ II HOLDING, LLC,<br><br>           Plaintiff,<br><br>     v.<br><br>VALIDATION PARTNERS, LLC; THE LITIGATION PRACTICE GROUP, PC; and TONY DIAB,<br><br>           Defendants. | Case No. 8:23-cv-00030-JWH-ADS<br><br>**DEFENDANT THE LITIGATION PRACTICE GROUP'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S** *EX PARTE* **APPLICATIONS FOR A WRIT OF ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER**<br><br>Judge:     Hon. John W. Holcomb<br>Date:      January 18, 2023<br>Courtroom: 9D |

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF
ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER

## I.   <u>INTRODUCTION AND PERTINENT FACTUAL BACKGROUND</u>

Plaintiff Naz II Holding, LLC ("Plaintiff"), does not have any relationship whatsoever – business or otherwise – with Defendant The Litigation Practice Group, PC ("LPG").[1]   (Complaint at ¶¶ 2-4; Exhibits A and B to the Complaint [Dkt. No,. 1] ("Compl.")).   Rather, as alleged in the Complaint, Plaintiff is an investor-client of Defendant Validation Partners, LLC ("VP") and claims to be owed money from VP, not from LPG.  (Compl. ¶¶ 3, 19, 23-24).

In sum, Plaintiff's claims against LPG boil down to the following allegations:

- Plaintiff is an investor in VP.
- Plaintiff entered into two written agreements with VP – and only VP – providing for the purchase of accounts receivable with an accompanying repayment schedule.
- LPG is not a party or a signatory to any agreement between Plaintiff and VP.
- LPG does not have any business relationship with Plaintiff.
- LPG allegedly owes VP monies arising from an alleged business relationship between LPG and VP.
- VP owes money to Plaintiff arising from the two written contracts between VP and Plaintiff.
- Therefore, LPG allegedly owes money to Plaintiff because VP has not paid its alleged debt to Plaintiff, and LPG allegedly owes VP money.

(Compl. ¶¶ 3, 19, 23-24, 30, 37; Exs. A and B to Complaint).

Plaintiff alleges breach of contract against VP stemming from the two written agreements entered into between Plaintiff and VP, and Plaintiff seeks a prejudgment writ of attachment against VP arising from these two agreements with Plaintiff.

---

[1] By submitting this Memorandum in Opposition, Defendant The Litigation Practice Group, PC, does not consent to service of process or the jurisdiction or venue of the Court.

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 2 -

Plaintiff also seeks a prejudgment attachment against LPG based on two unfounded claims against LPG for conversion and money had and received. However, LPG does not have any type of business relationship or contractual agreement with Plaintiff.  There is simply no privity of contract between LPG and Plaintiff.  As such, an attachment cannot issue under California law.

Finally, it is instructive to note that VP filed suit against LPG in the Superior Court of Orange County, California on September 20, 2022 (the "State Court Action"), alleging, *inter alia*, breach of contract arising from LPG's business relationship with VP.  Plaintiff is not a party to the State Court Action, nor has Plaintiff sought to intervene in the State Court action, notwithstanding the fact that Plaintiff has full knowledge of the State Court Action.

## II.   LAW AND ARGUMENT

### A.   LEGAL STANDARD

This Court "allows *ex parte* applications solely for extraordinary relief."  (*See* Judge Holcomb's Standing Order at p. 12).  "[E]x parte proceedings pose a threat to the adversary system." *In re Intermagnetics Am.*, 101 B.R. 191, 192 (C.D.Cal.1989). A hybrid form of *ex parte* applications, involving service on the adverse party and an opportunity to respond, is "equally troubling" and is also "to be discouraged." *Id*. at 193.

As stated by this Court, "these hybrid ex parte motions are inherently unfair, and they pose a threat to the administration of justice." *Mission Power Eng. Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D.Cal.1995).

Federal Rule of Civil Procedure 64 codifies "long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto. Truck Drivers, Local No. 70*

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 3 -

*of Alameda Co.*, 415 U.S. 423, 436 n.10, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974); *accord U.S. v. Van Cauwenberghe*, 934 F.2d 1048, 1063-64 n.13 (9th Cir.1991).

In California, the procedures and grounds for obtaining orders permitting prejudgment writs of attachment are governed by California Code of Civil Procedure §§ 481.010-493.050. *Pos-A-Traction, Inc. v. Kelly-Springfield Tire Co.*, 112 F. Supp. 2d 1178, 1181 (C.D. Cal. 2000). Because California's attachment law is purely statutory, it must be strictly construed. *Kemp Bros. Constr.*, 146 Cal. App. 4th at 1476; *Pac. Decision Sci. Corp. v. Superior Court*, 121 Cal. App. 4th 1100, 1106 (2004).

In order to obtain a writ of attachment under California law, the party seeking the attachment has the burden of proving: (1) The claim upon which the attachment is based is one upon which an attachment may be issued, (2) The probable validity of the claim upon which the attachment is based, (3) The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based, and (4) The amount to be secured by the attachment is greater than zero. *Addaday, Inc. v. Artist Internatl. Co.*, C.D. Cal. No. CV 21-5525-AB (PLAx), 2022 U.S. Dist. LEXIS 107192, at *13 (May 12, 2022).

To be subject to attachment under the first prong, a claim must meet the following requirements: (a) it must be one for money "which is based upon a contract, express or implied"; (b) the total amount must be a "fixed or readily ascertainable amount not less than five hundred dollars"; (c) the claim must not be secured by any interest in real property; and (d) if the action is against a defendant who is a natural person, an attachment "may be issued only on a claim which arises out of the conduct by the defendant of a trade, business, or profession," i.e., the claim must be a commercial one. Cal. Civ. Proc. Code § 483.010(a)-(c).

Under the second prong, a claim has "probable validity" if it is more likely than not the party seeking the writ will obtain a judgment. Cal. Civ. Proc. Code §

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF
ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 4 -

481.190.  "Attachment is a harsh remedy because it causes the defendant to lose control of his property before the plaintiff's claim is adjudicated." *Martin v. Aboyan*, 148 Cal. App. 3d 826, 831 (1983).

### B.   PLAINTIFF'S CLAIMS AGAINST LPG DO NOT SUPPORT A RIGHT OF ATTACHMENT

Plaintiff's allegations establish that Plaintiff does not have any contract – express or implied – with LPG.  This is fatal to Plaintiff's request for a prejudgment attachment against LPG's corporate property, as there is no contractual relationship between LPG and Plaintiff.

Plaintiff, on the other hand, seeks a writ of attachment against LPG solely arising out of claims for conversion and money had and received.  Plaintiff then tries to fit a square peg in a round hole by arguing that its claims against LPG constitute an "implied contract."  This is simply not the case, however, as Plaintiff's own allegations show that there have never existed any business dealings between Plaintiff and LPG.

Writs of attachment are generally not available for tort damages.  *Novus Optimum Labs v. Tamayo*, N.D. Cal. No. 13-cv-01119-JST, 2013 U.S. Dist. LEXIS 93116, at *26 (July 1, 2013).  Conversion is and has always been a tort claim, not a contract claim.  *See, e.g., AT ML Leasehold HI, Ltd. Liab. Co. v. RCSH Operations, Inc.*, D. Haw. No. 21-00236 LEK-WRP, 2021 U.S. Dist. LEXIS 242912, at *18 (Dec. 21, 2021); *Jacot v. Miller*, D. Guam No. 16-00074, 2017 U.S. Dist. LEXIS 161533, at *10 (Sep. 28, 2017); *Ugalde v. Chase*, D. Or. No. 6:12-CV-00347-KI, 2013 U.S. Dist. LEXIS 39458, at *19 (Mar. 21, 2013).

Realizing that Plaintiff's claim for attachment against LPG does not meet the statutory requirements, Plaintiff conflates existing case law on conversion, suggesting some type of "implied" agreement here.  A similar argument was rejected by the Court in *Novus Optimum Labs*, whereby the plaintiff there argued for

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 5 -

prejudgment attachment pursuant to an implied contract theory arising out of the conversion of the plaintiff's personal property. *Novus Optimum Labs* at \*26. The Court held that "Plaintiffs' claims are tort claims and will not support a writ of attachment." *Id*.

Nonetheless, Plaintiff cites to California jurisprudence for the proposition that conversion claims can arise from contractual relationships. A cursory review of Plaintiff's cited cases, however, shows that Plaintiff's referenced "conversion" claims derive from a type of contractual relationship providing for the payment of a sum of money from a defendant to a plaintiff. This is simply not the case here. As set forth in Plaintiff's Complaint, LPG does not have any contractual relationship with Plaintiff.

This alone defeats Plaintiff's request for a prejudgment attachment.

## C.   PLAINTIFF'S CLAIMS AGAINST LPG ARE NOT VALID OR PLAUSIBLE

Notwithstanding that Plaintiff's claims against LPG are not those upon which an attachment may be issued, Plaintiff's claims against LPG are not valid or plausible on their face. Plaintiff thus cannot show the "probable validity" of the claims upon which the attachment is based. This means that the "plaintiff must show it is more likely than not that it will obtain a judgment against the defendant." *Novus Optimum Labs v. Tamayo*, N.D. Cal. No. 13-cv-01119-JST, 2013 U.S. Dist. LEXIS 93116, at \*29 (July 1, 2013).

"In determining the probable validity of a claim where the defendant makes an appearance, the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." *Suzuki Motor of Am. v. Mullion*, C.D. Cal. No. SACV 17-00903-CJC (JDEx), 2017 U.S. Dist. LEXIS 221976, at \*9 (Aug. 15, 2017). "The applicant also bears the burden of proving *each element* by a preponderance of the evidence." *Pet*

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 6 -

*Food Express, Ltd. v. Royal Canin USA Inc.*, 2009 U.S. Dist. LEXIS 65141, 2009 WL 2252108, at *5 (N.D. Cal. July 28, 2009).  California's attachment law is subject to strict construction.  *Epstein v. Abrams*, 57 Cal. App. 4th 1159, 1167-68 (1997). Further, requests for *ex parte* relief are disfavored because they "debilitate the adversary system."  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).

"Conversion is the wrongful exercise of dominion over the property of another."  *Khachatryan v. Toyota Motor Sales, U.S.A., Inc.*, C.D. Cal. No. SACV 08-00663-JVS (RNBx), 2008 U.S. Dist. LEXIS 100769, at *3 (Sep. 22, 2008).  To establish a claim for conversion, a plaintiff must show (1) ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.  *Id*.  "While a plaintiff must allege an entitlement to immediate possession at the time of conversion, a mere contractual right to payment, without more, will not suffice."  *Id*.

Similarly, "a cause of action for money had and received is stated if it is alleged the defendant 'is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff.'"  *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, N.D. Cal. No. 19-CV-02417-LHK, 2021 U.S. Dist. LEXIS 27924, at *17 (Feb. 12, 2021).

Again, Plaintiff does not have any contractual relationship with LPG.  There exist no promises of payment from LPG to Plaintiff.  There exist no monies "owed" from LPG to Plaintiff.  Rather, Plaintiff's sole argument in support of its request for an attachment against LPG is essentially that VP cannot pay its contractual debt to Plaintiff unless or until LPG pays VP monies allegedly due to VP.  As a result, Plaintiff argues, LPG has "converted" the property of Plaintiff or otherwise "had and received money" from Plaintiff.  Neither is the case.

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 7 -

Plaintiff therefore cannot show any right to an attachment against LPG, as Plaintiff's claims against LPG lack any probably validity.  On its conversion claim, Plaintiff does not show any "ownership" rights in the monies allegedly converted by LPG.  Indeed, Plaintiff's allegations acknowledge as much:

- "Plaintiff invested in VP through two separate agreements in 2021 and 2022."  (Compl. at ¶ 3).
- "Under these agreements, VP is obligated to repay Plaintiff's principal plus a return on investment out of payments it receives from LPG."  (*Id*.).
- "… if LPG does not pay VP, VP cannot pay Plaintiff."  (*Id*).
- "As a consequence of LPG's refusal to pay VP … VP cannot pay Plaintiff and is therefore in breach of its obligations to Plaintiff under the Agreements."  (Compl. at ¶ 37).

As set forth in Plaintiff's Complaint, this dispute is between Plaintiff and VP. There is no privity of contract between Plaintiff and LPG, and there is simply no contractual relationship involving LPG whereby LPG could conceivably be subject to the prejudgment attachment brought by Plaintiff here.

The only support Plaintiff has provided for its argument that it is entitled to money possessed by LPG is that Plaintiff had contractual agreements with Defendant VP, and if LPG does not pay monies allegedly owed to VP, then VP will be unable to pay its contractual debts to Plaintiff.

This argument does not support a claim for attachment against LPG.  It does not follow that because Plaintiff invested with Defendant VP, and Plaintiff was not paid by VP, that Plaintiff is now somehow entitled to LPG's revenues.  Consequently, Plaintiff cannot show it had ownership or a right to possession of LPG's stated revenues.

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 8 -

1         Accordingly, Plaintiff cannot show that any property was converted, nor can

2    Plaintiff show that LPG is liable under Plaintiff's concocted theory of "money had

3    and received." Because Plaintiff cannot show that it is more likely than not to

4    succeed on its claims against LPG, Plaintiff's application for writ of attachment must

5    be denied.

6

7    DATED: January 17, 2023              **LATHROP GPM LLP**

8

9                           By: *Caroline A. H. Sayers*

10                            Caroline A. H. Sayers
                         Attorneys for Defendants
                         The Litigation Practice Group, PC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHROP GPM LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATIONS FOR A WRIT OF
ATTACHMENT AND IN THE ALTERNATIVE A TEMPORARY PROTECTIVE ORDER
- 9 -